UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILAL CHAABAN,

    Petitioner,

v.

LLOYD RAPELJE, Warden,

    Respondent.
_____/

CASE NO. 2:09-CV-14099
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Bilal Chaaban, ("Petitioner"), a state prisoner, filed this habeas case under 28 U.S.C. § 2254. Petitioner is serving two terms of life imprisonment, two concurrent terms of 15-to-30 years, and a consecutive two-year term at a Michigan correctional facility. The sentences resulted from Petitioner's Wayne Circuit Court convictions of two counts of first-degree felony murder, MICH. COMP. LAWS 750.316, two counts of assault with intent to commit murder, MICH. COMP. LAWS 750.83, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS 750.227b. Petitioner filed a *pro se* petition for writ of habeas corpus claiming that the trial court failed to properly instruct the jury in violation of his constitutional rights. Respondent, through the Michigan Attorney General's Office, filed a response, arguing that Petitioner's claim lacks merit. For the reasons which follow, the petition will be denied.

1

## II. Facts

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was previously convicted of the same offenses in 2003. In a prior appeal, this Court affirmed defendant's convictions, *People v. Chaaban*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2005 (Docket No. 253513), but our Supreme Court reversed defendant's convictions and remanded for a new trial on the ground that the trial court "erroneously denied defendant's unequivocal request to represent himself." *People v. Chaaban*, 474 Mich. 917; 705 N.W.2d 345 (2005).
>
> Defendant was convicted of murdering Angela Caizza and Lowell Clark at Caizza's Detroit residence. Two other victims, James Duprie and Jessica Clark were also present, but were not killed.
>
> Earlier on the day of the offense, defendant was involved in a confrontation with Duprie in a park. During the dispute, words were exchanged and Duprie punched defendant several times in the face. Defendant testified that Lowell Clark also participated in the assault, but Duprie testified that Lowell Clark was not present. According to defendant, Lowell Clark was part of a gang and had assaulted him before in 2002, causing him to be hospitalized. Defendant explained that after the most recent assault, Lowell Clark and Duprie mentioned that they knew where defendant lived and would come after him. Defendant took that as a threat and was concerned for his family members, who lived with defendant at his home. Later in the day, defendant obtained an AK-47 assault rifle and went to Caizza's house. Duprie, Caizza, Lowell Clark, and Jessica Clark were present on the porch. When defendant arrived at the house, he started shooting, causing everyone on the porch to run inside the house. Defendant entered the house and continued shooting, killing Caizza and Lowell Clark.
>
> Defendant testified that he went to Caizza's house as a "show of force" to intimidate Duprie and Lowell Clark. When he arrived, the people on the porch started yelling and screaming at him, and then started coming down the steps and someone threw a bottle at him. Defendant explained that he "snapped" and "lost it" and started shooting his gun.
>
> The trial court instructed the jury on self-defense, but denied defendant's request for an instruction on defense of others.

*People v. Chaaban*, 2008 Mich. App. LEXIS 2103, *1-3 (Mich. Ct. App. Oct. 28, 2008).

Following his trial Petitioner filed an appeal of right in the Michigan Court of Appeals. His appellate brief raised one claim:

> I. The trial court's refusal to instruct the jury with a requested defense-of-others instruction, crucial to the defense theory and supported by the record, was reversible error which denied [Petitioner] his state and federal constitutional rights to a properly instructed jury and due process right to present a defense.

On October 28, 2008, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions. *Id.*

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claim. On February 24, 2009, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the question presented should be reviewed. *People v. Chaaban*, 483 Mich. 896, 760 N.W.2d 496 (2009).

Petitioner then filed the instant petition, raising the same claim he presented to the state courts during his appeal of right.

## IV. Analysis

### A. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

3

Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has

4

emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or. . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* Finally, in *Cullen v. Pinholster*, 131 S.Ct.1388, 1398, 179 L. Ed. 2d 557 (2011), the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."

### B. <u>Failure to Instruct Jury on Defense of Others</u>

Petitioner claims that the trial court erred in failing to instruct the jury on the defense-

of-others defense. He asserts that there was evidence presented at trial that he shot and killed the victims because he believed that they would later come to his home and harm his family members. Respondent argues that the Michigan Court of Appeals reasonably rejected this claim and relief is barred by application of § 2254(d).

The state court rejected Petitioner's claim as follows:

> Defendant's sole issue on appeal is that the trial court erred by failing to instruct the jury on defense of others. We disagree.
>
> As this Court explained in *People v. Dobek*, 274 Mich.App. 58, 82; 732 N.W.2d 546 (2007):
>
>> Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion. A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her. The trial court's role is to clearly present the case to the jury and to instruct it on the applicable law. Jury instructions must include all the elements of the offenses charged against the defendant and any material issues, defenses, and theories that are supported by the evidence. Jury instructions are reviewed in their entirety, and there is no error requiring reversal if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury. [Citations omitted in original.]
>
> A person may use deadly force in defense of another person. *People v. Kurr*, 253 Mich.App. 317, 321; 654 N.W.2d 651 (2002). For that defense to apply, however, the defendant must honestly and reasonably believe that another person's life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to use deadly force. *Id*. at 320-321; *People v. Riddle*, 467 Mich. 116, 119; 649 N.W.2d 30 (2002).
>
> The evidence in this case did not support an instruction on defense of others. Although defendant claimed that he was attempting to protect his family, it is undisputed that none of his family members were present at the time of the offense. Further, there was no evidence that defendant's use of deadly force was necessary to protect his family from an imminent threat or danger. Rather, at the time of the offense, the victims were at Caizza's house. The evidence showed that in response to an earlier confrontation,

6

> defendant obtained an assault rifle, sought out the victims, and then shot them. Because the evidence did not support an instruction on defense of others, the trial court did not err by denying defendant's request for an instruction on that defense.

*Chaaban, supra*, at *3-5.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977). A habeas petitioner's burden of showing prejudice is especially heavy when a petitioner claims that a jury instruction was incomplete, because an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *See Hardaway v. Withrow*, 305 F. 3d 558, 565 (6th Cir. 2002).

A defendant is entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). Under Michigan law, self defense or defense of others is established if the defendant (1) acted in response to an assault, *City of Detroit v. Smith*, 235 Mich. App. 235; 597 N.W.2d 247, 249 (1999), and (2) honestly and reasonably believed that his life or the life of another person was in imminent danger or that there was a threat of serious bodily harm. *People v. Heflin*, 434 Mich. 482; 456 N.W.2d 10, 18 (1990).

In light of the record evidence, the state appellate court reasonably determined that

Petitioner was not entitled to a defense-of-others jury instruction. Petitioner testified in his own defense. He testified that after a confrontation with Angela Caizza and James Duprie in a park, he retrieved an AK-47 assault rifle and went to their house. Petitioner explained that he did this because "there was just this assault, and then, you know, they're linking it to my dwelling, and I felt as if they were going to come back and have an attack at me and my house had I went home." Tr. 10-4-2006, at 119. Petitioner decided to preempt the potential attack and went to the victims' house with the assault rifle "just to intimidate them, scare them, you know. So they don't come at me." Id., at 121.

Petitioner approached the victims' house in his truck and saw four individuals on the porch. He had the assault rifle concealed next to his leg. Petitioner asked "what did you say about my house?" Id., at 122. The people on the porch yelled back at him, started to approach his truck, and someone threw a bottle. Id., at 124.

Petitioner testified, "after the bottle hit the truck and them screaming, you know, I snapped. I just lost it. I got out the vehicle and I shot - I shot the gun. I seen people run inside the house, and then everything just - I mean, around that time, everything just because like a dream-like experience. It was like surreal, like playing a video game or something." Id., at 124-125.

In fact, the four people on the porch ran inside the house. Caizza stopped in the living room in front of her eighteen-month-old twins who were sleeping on the floor. Duprie ran into the basement and hid behind a washing machine, and Lowell Clark followed him and hid beneath the stairs. Jessica Clark ran into the kitchen and hid behind the stove.

Petitioner entered the house shooting. Caizza was shot in the face and shoulder and fell between her children. Petitioner then went into the basement, found Lowell Clark,

and shot him six times. Both Caizza and Clark died as a result of their wounds.

There was insufficient evidence presented at trial requiring the court to instruct the jury on defense of others. There was absolutely no evidence presented at trial to suggest that the life of another person was in imminent danger justifying Petitioner's deadly assault. Defense of others requires that the actor honestly and reasonably believe that he is in *imminent* danger of death or great bodily harm. A threat of future injury is not enough. *People v. Lemons*, 454 Mich. 234, 247; 562 N.W.2d 447 (1997); *People v. Truong*, 218 Mich.App. 325, 328, 337; 553 N.W.2d 692 (1996). Accordingly, even if Petitioner feared that the victims might come to his house to attack him or his family members, such a belief does not relate to any imminent danger.

Moreover, any error in failing to instruct on the theory of defense of others did not have a substantial impact on the result of the trial, rendering any error harmless. *Fry v. Pliler*, 551 U.S. 112, 116 (2007). The jury rejected Petitioner's claim of self-defense, and there is no reason to believe that it would have done anything differently had it also been instructed on a defense-of-others defense. Both defenses suffered from the same problem that Petitioner was not in immediate danger of death or seriously bodily injury when he attacked the victims. Given the lack of evidence supporting the various theories of self-defense and defense of others, it cannot be said that the omission of the jury instruction caused any substantial or injurious influence on the verdict. In other words, even if the omitted instructions had been read to the jury, there is no reasonable probability that the outcome of the trial would have been any different given the overwhelming evidence showing that Petitioner was not acting to protect others from immediate harm when he confronted the victims at their house with an assault rifle, chased them inside,

hunted them down, and shot two of them to death.

Based on the above, the Court concludes that the Michigan Court of Appeal's rejection of Petitioner's instructional error claim was did not involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

### III.  Conclusion

The Court will deny the Petition for Writ of Habeas Corpus.  The Court will also deny Petitioner a Certificate of Appealability.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R.APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

### V.  Order

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED**.

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

**Dated:  May 31, 2011**

s/George Caram Steeh
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

---

CERTIFICATE OF SERVICE

**Copies of this Order were served upon attorneys of record on
May 31, 2011, by electronic and/or ordinary mail and also to Bilal Chaaban at Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.**

**s/Josephine Chaffee**
**Deputy Clerk**